# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILHELM PAUL TEUCHERT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:26-cv-040 |
| | ) | Judge Stephanie L. Haines |
| LEONARD ODDO, *Warden, Moshannon* | ) | Magistrate Judge Christopher B. Brown |
| *Valley Processing Center,* | ) | |
| | ) | |
| Respondent. | ) | |

## <u>MEMORANDUM ORDER</u>

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed *pro se*, on January 13, 2026, by Wilhelm Paul Teuchert ("Petitioner") (ECF No. 4). Petitioner is under a final order of removal pursuant to 8 U.S.C. § 1231 and on December 6, 2025, during a prescheduled check-in, Petitioner was taken into custody by the Department of Homeland Security ("DHS"), Immigration Customs and Enforcement ("ICE"). He was detained at Moshannon Valley Detention Center but was later moved to Federal Corrections Institution at Lewisburg ("FCI-Lewisburg"). Petitioner claims that his detention under 8 U.S.C. § 1231 is unlawful and he seeks a writ of habeas corpus requiring that he be released and an order preventing his re-detention. This matter was referred to Magistrate Judge Christopher B. Brown for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On April 6, 2026, Magistrate Judge Brown filed a Report and Recommendation (ECF No. 26) recommending that the Petition (ECF No. 4) be granted and that Petitioner be released subject to appropriate conditions in accordance with the conditions of his preexisting Order of Supervision. ECF No. 26, pp. 3, 20. The Respondent, Leonard Oddo ("Respondent") and

1

Petitioner were advised they could file objections to the Report and Recommendation by April 21, 2026, and April 24, 2026, respectively. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Petitioner did not file objections, and the window to do so has expired. Respondent filed Objections on April 21, 2026 (ECF No. 27).

In his Objections, Respondent states that the Court should deny the Petition. He says that Petitioner is under a final order of removal, and Petitioner has not exhausted all his available remedies with DHS to prove that his deportation is not reasonably foreseeable. Respondent also makes the case that Petitioner's removal *is* significantly likely in the reasonably foreseeable future, thus his detention does not violate 8 U.S.C. § 1231(a)(6) or the due process clause. Respondent admits that Liberia continues to refuse Petitioner's travel document, ECF No. 27, p. 3, and Germany as of April 13, 2026, has also denied Petitioner a travel document. ECF No. 27, p. 4. However, the Enforcement and Removal Operations ("ERO") anticipated that if Petitioner was not removed to Germany, a third country would be elected. ECF No. 27, p. 4; ECF No. 22-1, ¶ 7. On April 21, 2026, Petitioner was added to the third-country removal tracker to effectuate his removal to a third country. ECF No. 27, p. 4; ECF No. 27-1. The Declaration by ERO Officer, Amanda Campbell states, "[W]hen Petitioner is selected, HQ-RIO will reach out to ERO for removal. HQ-RIO has been successful with 3rd country removal efforts, and it is anticipated that [P]etitioner's removal from the United States [will be effectuated][sic] once a TD [travel document] is released from a third county. Therefore, there is significant likelihood of removal in the reasonably foreseeable future." ECF No. 27-1, ¶¶ 5-7.

Firstly, as to Respondent's exhaustion argument, there is no exhaustion requirement where Petitioner is challenging the constitutionality of the government's procedure which is not within the purview of the Board of Immigration Appeals. "As we see it, a claim is 'available as of right'

if, at the very least, (1) the alien's claim was within the jurisdiction of the BIA to consider and implicated agency expertise, and (2) the agency was capable of granting the remedy sought by the alien." *Bonhometre v. Gonzales*, 414 F.3d 442, 447 (3d Cir. 2005). But here, before the Court, is an issue of Petitioner's constitutional rights. *See Marrero v. I.N.S.,* 990 F.2d 772, 778 (noting that exhaustion would not be required where the BIA did not have jurisdiction to adjudicate a particular claim); *Vargas v. U.S. Dept. of Immigration and Naturalization,* 831 F.2d 906, 908 (9th Cir.1987) (holding that certain due process claims "are exempt from [exhaustion] because the BIA does not have jurisdiction to adjudicate constitutional issues" and "[a]lthough due process claims are generally exempt from the exhaustion requirement, we do not review 'procedural errors correctable by the administrative tribunal' "). *See also, cf Bak v. INS,* 682 F.2d 441, 443 (3d Cir.1982) ("the Board could have reversed the immigration judge, and thus exhaustion is necessary under section 1105a(c)"); *see also Sewak v. I.N.S.,* 900 F.2d 667, 670 (3d Cir.1990) (noting that "Sewak's due process claim amounts to a procedural error correctable through the administrative process").

On June 5, 2026, the Court ordered Respondent to provide the Court with an update as to Petitioner's removal proceedings to a third-party country (ECF No. 28). Respondent filed a Status Report with an attached declaration of Deportation Officer Ian McArdle (ECF Nos. 30, 30-1) that did not provide any support for imminent removal. Officer McArdle's declaration said to date there is not any agreement with a third country for immediate removal. ECF No. 30-1, ¶ 5. That said and given that Petitioner has been detained for over six months, this Court will adopt the findings of Magistrate Judge Brown. This Court agrees with Judge Brown that, removal in the foreseeable future is unlikely given Petitioner's lack of a home country and given the history of rejection of travel papers for Petitioner. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). In fact,

Judge Brown rightly predicted that both Liberia and Germany would not issue travel documents for Petitioner.   Respondent has not provided any substantive argument that Petitioner will be removed to a third country in the near future.

Accordingly, the following order is entered:

## **ORDER**

AND NOW, this 10th day of June, 2026, IT IS ORDERED that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 4) hereby is GRANTED.   Petitioner shall be released subject to appropriate conditions in accordance with the conditions of his preexisting Order of Supervision; and

IT IS FURTHER ORDERED that Respondent's Objections (ECF No. 27) are OVERRULED; and,

IT IS FURTHER ORDERED that Magistrate Judge Brown's Report and Recommendation (ECF NO. 26) is adopted as the opinion of the Court; and,

IT IS FURTHER ORDERED that the Motion for Preliminary Injunction (ECF No. 5) is DENIED as MOOT; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

Stephanie L. Haines
United States District Judge

4